UNITED STATES DISTRICT COURT
for the
<u>Western District of Kentucky</u>
<u>Louisville Division</u>

| | |
|---|---|
| Judy Johnson )<br>  *Plaintiff* )<br>)<br>v. )<br>)<br>Unifund CCR Partners )<br>*assumed name for* )<br>Credit Card Receivables Fund, Inc. *and* )<br>ZB Limited Partnership )<br>  *Defendant* )<br>Serve: )<br>  Credit Card Receivables Fund, Inc. )<br>  c/o Corporation Service Company )<br>  2711 Centerville Road )<br>  Suite 400 )<br>  Wilmington, DE 19808 )<br>)<br>  ZB Limited Partnership )<br>  c/o Corporation Service Company )<br>  2711 Centerville Road )<br>  Suite 400 )<br>  Wilmington, DE 19808 )<br>_____) | Case No. 3:16-cv-461-GNS |

## **COMPLAINT and DEMAND FOR JURY TRIAL**

\*   \*   \*   \*   \*

**INTRODUCTION**

  1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA") and KRS 360.020.

**JURISDICTION**

  2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

3. Plaintiff Judy Johnson is a natural person who resides in Jefferson County, Ky. Ms. Johnson is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Unifund CCR Partners is a New York general partnership comprising two partners: Credit Card Receivables Fund, Inc. and ZB Limited Partnership.

5. Unifund CCR Partners is a foreign limited liability company that has registered with the Kentucky Secretary of State. Unifund CCR Partners is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Unifund CCR Partners' principal place of business is located at 10625 Techwoods Circle, Cincinnati, OH 45242.

6. Unifund CCR Partners is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## **RELEVANT FACTS**

7. On February 25, 2008, Unifund CCR Partners ("Unifund") filed suit against Ms. Johnson in Jefferson Circuit Court in Case No. 08-CI-02148.

8. A true and accurate of the Jefferson Circuit Complaint in Case No. 08-CI-02148 is attached as Exhibit "A."

9. Unifund's complaint was an attempt to collect a charged-off credit card originated by First USA Bank, N.A.

10. Upon information and belief, the First USA credit card at issue in the Jefferson Circuit Court case was used solely for personal, family, or household purposes, which makes the First USA credit card debt a "debt" within the meaning of the FDCPA.

11. On June 10, 2011, Unifund served a copy of the summons and complaint on Ms. Johnson.

12. On June 30, 2011, Ms. Johnson filed a timely *pro se* answer in the Jefferson Circuit Court case.

13. A true and accurate copy of Ms. Johnson's filed answer is attached as Exhibit "B."

14. On July 29, 2011, Unifund moved for default judgment against Ms. Johnson.

15. Unifund's motion for default falsely certified that Ms. Johnson "failed to plead or otherwise defend in this action as required by Kentucky Civil Rule 5.01."

16. A true and accurate copy of Unifund's motion for default judgment is attached as Exhibit "C."

17. Unifund intentionally and purposefully did not serve a copy of the motion for default judgment on Ms. Johnson.

18. The default judgment's certificate of service provides:

> **CERTIFICATE OF SERVICE**
>
> I hereby certify that this Notice
>
> ✓ was not served upon Defendant since Defendant has failed to plead or otherwise Defend in this action as required by Kentucky Civil Rule 5.01.
>
> ___ was served by mailing same via certified mail and/or ordinary mail, postage prepaid, this _____ day of _____, _____ to:
>
> JUDY D JOHNSON (aka ANDERSON)
> 10701 COLONIAL WOODS CT
> LOUISVILLE, KY 40223
>
> _____
> Michael J. Keeney (88948)

19. Despite the fact that Ms. Johnson clearly and plainly appeared in the action by filing a timely *pro se* answer, the Jefferson Circuit Court granted Unifund's motion for default judgment on August 4, 2016.

20. Because Ms. Johnson filed a timely answer in Jefferson Circuit Court Case No. 08-CI-021489, the default judgment is void." *Smith v. Gadd*, 280 S.W.2d 495, 498 (Ky. 1955); *Hankins v. Cooper*, 551 S.W.2d 584, 585 (Ky. 1977); *Kearns v. Ayer*, 746 S.W.2d 94, 96 (Ky. App. 1988); *Leedy v. Thacker*, 245 S.W.3d 792, 795-796 (Ky. App. 2008).

21. "A void judgment is not entitled to any respect or deference by the courts. A void judgment is a legal nullity...." *Foremost Ins. Co. v. Whitaker*, 892 S.W.2d 607, 610 (Ky. App. 1995) (citing *Mathews v. Mathews,* 731 S.W.2d 832, 833 (Ky. App. 1987)).

22. A true and accurate copy of the default judgment is attached as Exhibit "D."

23. The default judgment awarded Unifund a principal amount of $17,455.58 plus interest at the rate of 8% from 05/31/2005 in the amount of $3,938.09 for a total of $21,393.67, plus interest at the rate of 12% hereafter, Plaintiff's court costs expended herein...."

24. While the default judgment awards "court costs expended herein" to Unifund, no amount of court costs is included or set forth in the default judgment.

25. Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

26. The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and **(ii)** to subject the award of costs to judicial oversight and review.

27. Providing notice to Ms. Johnson in this case would have particularly helpful in light of Unifund's deliberate choice to not send her notice of its motion for default judgment.

28. If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

29. Unifund did not file a bill of costs in the state court action.

30. Unifund did not serve a bill of costs on Ms. Johnson.

31. There is no supplemental judgment entered in the Jefferson Circuit Court Case awarding Unifund costs.

32. On or about May 26, 2016, Unifund served a non-wage garnishment ("Non-Wage Garnishment") on Fifth Third Bank in connection with Jefferson Circuit Court Case No. 08-CI-02148.

33. A true and accurate copy of the Non-Wage Garnishment is attached as Exhibit "E."

34. The Non-Wage Garnishment states that the amount due as of May 26, 2016 is $35,881.79, plus court costs in the amount of $329.19.

35. Upon information and belief, the actual court costs incurred by Unifund in Jefferson Circuit Court Case No. 08-CI-02148 were no more than $175.00, and were probably less than that.

36. Upon information and belief, the $329.19 in "court costs" recited in the Non-Wage Garnishment includes fees and costs that are not recoverable as court costs under Kentucky law. Nor is there any Bill of Costs that explains what these costs are or awards these costs to Unifund or to Unifund.

37. Unifund violated the FDCPA by including costs and fees in the amount of court costs listed in the Non-Wage Garnishment that are not allowable as court costs, by including a claim for court costs in the Non-Wage Garnishment where no Bill of Costs was filed in the Jefferson Circuit Court Case, and by filing the Non-Wage Garnishment on a void judgment.

## Claims for Relief

I. Claims against Unifund CCR Partners

38. The foregoing acts and omissions of Unifund CCR Partners constitute violations of the FDCPA, including, but not limited to violations of multiple subsections of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Judy Johnson requests that the Court grant her the following relief:

1. Award Plaintiff actual damages, including but not limited to damages for emotional distress, upset, frustration, and anxiety as the result of the loss of funds because of the Non-Wage Garnishment Unifund served on Ms. Johnson's bank;

2. Award Plaintiff maximum statutory damages under 15 U.S.C. § 1692k against each Defendant;

3. Award Plaintiff reasonable attorney's fees and costs;

4. A trial by jury; and

5. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyconsumerlaw.com